## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢,

### WESTERN UNION TELEGRAPH CO. v. PETTYJOHN.

July 19th, 1891.

1. TELEGRAPH COMPANY—*Failure to deliver despatch—Justice—Jurisdiction.*— The penalty of $100, imposed by Code, § 1292, upon telegraph companies for failure to deliver a despatch, being a fine, a justice of the peace has not jurisdiction of any claim to recover the same, as it exceeds $20. Code, § 2939.
2. JUDGMENT—*Jurisdiction.*—When the cause of action is not within the jurisdiction granted by law to the tribunal, the court will dismiss the suit at any time when the fact is brought to its notice.

Error to judgment of the corporation court of the city of Bristol, rendered July 14th, 1890, in an action (originating upon a warrant issued by a justice of the peace of said county and carried by appeal to said corporation court), wherein J. W. Pettyjohn was plaintiff, and the Western Union Telegraph Company was defendant. The object of the action was to recover the penalty imposed by Code, § 1292, on telegraph companies for failure to deliver a despatch. The question of the constitutionality of said section was raised. Opinion states the case.

*A. S. Holladay*, for plaintiff in error.

*W. S. Hamilton*, for defendant in error.

LACY, J., delivered the opinion of the court.

The case is as follows:

On the 25th day of July, 1890, a warrant was issued by a justice of the peace, commanding a constable of Washington county, Virginia, to summon the petitioner to appear at the mayor's office, in the town of Goodson, situated in said county of Washington, on the 15th day of February, 1890, to answer the complaint of said John W. Pettyjohn upon a claim of $100 as a forfeiture, under section 1292 of the Code of Virginia, for a failure to deliver a telegraphic message sent from Bristol, Tennessee, to Radford, Virginia, which was executed by serving a copy of the warrant on an agent of the said company at Abingdon, in Washington county, Virginia. On the said 15th day of February, 1890, the said justice of the peace rendered a judgment against the defendant for one hundred dollars and costs, which was carried, by writ of error, to the corporation court of Bristol city, such being the designation of the town of Goodson, now a city, upon the grounds—first, that the said justice of the peace of Washington county did not have jurisdiction of the action to recover the penalty, and upon other grounds; secondly, that the statute of the state of Virginia (section 1292 of the Code) is repugnant to the Constitution of the United States, Art. 1, sec. 8, and, therefore, void.

The judgment of the justice was affirmed by the corporation court of Bristol city; whereupon the defendant brought the case to this court by writ of error.

As to the first question involved, Did the said tribunal rendering the judgment have jurisdiction in the premises? let us consider:

The said justice did not have jurisdiction to try " this claim for a fine amounting to one hundred dollars " under any aspect under which this case can be considered. He did not have jurisdiction under section 4106 of the Code, giving him jurisdiction of certain offences occurring within his jurisdiction— (1) because this offence charged is not charged to have occurred within the district where he had jurisdiction; (2) because this

offence, if any, is not enumerated in the said section where he is clothed with jurisdiction as to certain offences occurring within his jurisdiction.

The said justice did not have jurisdiction under the said section 1292, providing the penalty in question, no tribunal being there prescribed.

And he did not have jurisdiction under section 2939 of the Code of Virginia, prescribing for what a justice has jurisdiction, which is as follows:

"Any claim to specific personal property, or to any debt, fine, or other money, or to damages for any breach of contract or for any injury done to property, real or personal, which would be recoverable by action at law or suit in equity, shall, when the claim is to a *fine* or damages for breach of any contract, or for injury to property, real or personal, if the amount of such claim do not exceed *twenty dollars* (exclusive of interest), and in other cases, if the claim do not exceed *one hundred dollars* (exclusive of interest), be cognizable by a justice."

This is a claim to a fine, and does exceed twenty dollars. The jurisdiction of the justice is, therefore, expressly excluded, and this assignment of error is fatal to the pretensions of the plaintiff below (the defendant in error), and the said judgment is a nullity, the court which rendered it being without jurisdiction in the premises; and, as this question lies *in limine*, and the court under review is without jurisdiction, that ends the case, and there is nothing more before the court.

Any act of a tribunal beyond its jurisdiction is null and void, and of no effect whatever, whether without its territorial jurisdiction or beyond its powers.

When want of jurisdiction arises from formal defects in the process, or when the want of jurisdiction is over the person, it must be taken advantage of in the early stages of a cause. But when the cause of action is not within the jurisdiction granted by law to the tribunal, the court will dismiss the suit at any time when the fact is brought to its notice; and a court

of limited jurisdiction, or a court acting under special powers, has only the jurisdiction expressly delegated, and it must appear from the record that its acts are within its jurisdiction.

For this reason the judgment appealed from must be reversed and annulled, and an order will be entered here dismissing the action.

JUDGMENT REVERSED AND ACTION DISMISSED.