Filed Feb. 28, 1895.

———————◆———————

No. 1,403.

Blair et al. *v.* Porter.

Justice of the Peace.—*Amendment of Complaint so as to Give the Justice Jurisdiction.—Action for Possession of Real Estate.—Cases Distinguished.*—A plaintiff in an action before a justice of the peace for the possession of real estate may, by leave of the justice, amend his complaint so as to bring the case within the justice's jurisdiction. *Goodwine* v. *Barnett*, 2 Ind. App. 16, and *Kiphart* v. *Brennemen*, 25 Ind. 152, distinguished.

Same.—*Jurisdiction.—Real Estate.*—Justices of the peace have no jurisdiction to hear and determine actions for the recovery of real estate, except the relation of landlord and tenant has existed between the parties and the tenant is unlawfully holding over; when possession has been unlawfully and forcibly taken, or peaceably taken but unlawfully and forcibly detained.

Amendment of Pleading.—*Statute Liberally Construed.—Discretion.*—The statute allowing amendment of pleadings is to be liberally construed, and to that end the trial court is endowed with great discretionary power, and its action will not be ground for reversal unless it affirmatively appear that harm has resulted therefrom.

From the Marion Superior Court.

*J. W. Kern* and *L. O. Bailey,* for appellants.

*J. L. McMaster* and *A. Boice,* for appellee.

Ross, C. J.—The only question presented on this ap-

peal relates to the jurisdiction of justices of the peace in actions to recover possession of real estate.

Under section 7106, R. S. 1894, justices of the peace have jurisdiction in actions to recover the possession of real estate, when the relation of landlord and tenant has existed between the parties and the tenant is unlawfully holding over, and under section 7118, when possession has been unlawfully and forcibly taken, or when possession has been peaceably taken, but is unlawfully and forcibly detained.

This action was commenced on the 11th day of March, 1891, the appellee alleging in his complaint that on the 10th day of February, 1888, Martin Byrkit, by written lease, demised and leased to William Pray, for a term of three years from March 1, 1888, certain real estate situated in Marion county, Indiana, particularly describing it; that on the 10th day of August, 1889, Pray assigned his rights under the lease to the appellant Blair; that afterwards, the appellant Baker became associated with Blair as a partner and that they have since occupied the leased premises. That their tenancy under the lease expired on the 1st day of March, 1891. It is also alleged that on the 8th day of January, 1891, Byrkit leased said premises to appellee for a term of three years from March 1, 1891, and that since that date he has been and now is entitled to the possession of the demised premises, but that the appellants ever since the expiration of their said tenancy have wrongfully and unlawfully held over and detained the possession of said premises and are now wrongfully and unlawfully holding the same and detaining the possession from him.

This action is prosecuted under the former of the two sections above cited, and in order to be maintainable the relation of landlord and tenant must exist between the parties.

Counsel insist, however, that the original complaint filed, but which was afterwards amended, was a simple action in ejectment; that when appellant appeared specially and moved to dismiss the cause for want of jurisdiction of the subject-matter, the justice had no alternative but to dismiss the action and that he had no power to permit the appellee to so amend his complaint as to state a cause of action within the justice's jurisdiction.

Justices of the peace have no jurisdiction to hear and determine actions for the recovery of real estate except as heretofore stated under sections 5106 and 5118, *supra*, which do not embrace ordinary actions in ejectment. Jurisdiction in ordinary actions in ejectment is exclusively with the circuit court, section 1062, R. S. 1894.

We do not think the appellants were harmed by the court's granting appellee permission to file an amended complaint. There was no apparent change in the cause of action other than to state specifically the facts showing the relative position of the parties with reference to each other and the property in controversy. The action, as originally begun, was possessory, and when amended, had not been changed in that respect, but was simply amended so as to show the relationship of landlord and tenant between the parties and that appellants were unlawfully holding over. The statute in this State allowing amendments is to be liberally construed in that it may aid in the settlement of all the issues which are and should be the subject of a single litigation. To that end the lower court is endowed with great discretionary power in allowing amendments, and this court will not reverse the lower court's acts unless it shall appear affirmatively that harm has resulted therefrom. Had the justice sustained the appellant's motion to dismiss and refused appellee leave to amend, appellee could at once have filed his amended complaint as a new action. Such a course

would have benefited the appellants only in that they could have held possession a few days longer. Technically, such may be the correct practice, but in this instance it did not harm the appellants if they were wrongfully holding possession.

The case of *Bensch* v. *Farnsworth*, 9 Ind App. 547, presents almost the identical question in issue here, and this court fully considered and decided the question adversely to appellant.

The amended complaint states a cause of action clearly within the jurisdiction of the justice of the peace, and the appellants having appeared and gone to trial without calling in question the jurisdiction of the court over their persons can not now be heard to complain because they were not properly brought into court. Once having submitted to the court's jurisdiction, by a general appearance, they can not withdraw therefrom.

We find no harmful error in the record.

Judgment affirmed.

Filed Nov. 21, 1894.

### On Petition for a Rehearing.

Ross, C. J.—The appellants have petitioned for a rehearing in this case, insisting that the opinion heretofore rendered overrules *Goodwine* v. *Barnett*, 2 Ind. App. 16, and *Kiphart* v. *Brennemen*, 25 Ind. 152.

We are still of opinion that our original decision is right, and in no way conflicts with either of the above cases.

In the case of *Goodwine* v. *Barnett, supra,* a complaint was filed which showed on its face that the justice had no jurisdiction of the subject-matter. After judgment rendered, the defendant appealed to the circuit court, where the plaintiff filed an additional paragraph of complaint in which was a cause of action of which the just-

ice had jurisdiction. The defendants not appearing, they were defaulted, and a judgment rendered against them on this new or additional paragraph. On appeal to this court, it was held, and we think correctly, that the justice having no jurisdiction the appeal conferred none on the circuit court, and the court, in support of that proposition, cited the case of *Kiphart* v. *Brennemen, supra.*

In that case Kiphart sued Brennemen before a justice of the peace to recover the possession of real estate, and recovered judgment. On appeal to the court of common pleas, Brennemen moved to dismiss the action on the ground that the justice had no jurisdiction of the subject-matter. Pending this motion, Kiphart asked leave to amend his complaint by inserting therein the words "and forcibly and with strong hand," which would have made the complaint state a cause of action clearly within the justice's jurisdiction. The court refused to permit the amendment to be made, and on appeal the Supreme Court sustained the ruling of the court of common pleas. The two cases are identical, except in one case the amendment was permitted to be made in the Appellate Court and in the other it was not. In both cases, however, it was held that the justice having had no jurisdiction of the action, an amendment could not be made in the Appellate Court on appeal which would give it jurisdiction.

In the case at bar, the amendment was not made in the superior court—to which an appeal had been taken from the justice—but the amendment was made in the justice's court, and after an appearance thereto by appellant the cause was there tried and a judgment rendered against him. The justice not only had jurisdiction of the subject-matter of the action as embraced in the amended complaint, but he had jurisdiction over the person of the appellant, for he appeared thereto.

The justice having had jurisdiction of both the sub-

ject-matter and the parties, the Marion Superior Court took jurisdiction by the appeal.

