## O'MARA v. MANCOURT.

[No. 13,940. Filed January 20, 1931. Rehearing denied March 8, 1931. Transfer denied May 1, 1931.]

*Henry W. Moore,* for appellant.
*Cooper, Royse, Gambill & Crawford,* for appellee.

LOCKYEAR, C. J.—The appellee in this action brought a suit before a justice of the peace in Vigo County against one Paul A. Wilkey to obtain possession of certain real estate in Vigo County held by said Wilkey as a tenant. A judgment was rendered in favor of the ap-

pellee, and thereafter said Paul A. Wilkey appealed from said judgment to the Vigo Superior Court No. 2, and executed his appeal bond with the appellant, Daniel O'Mara, as surety on said appeal bond. After said case was appealed to said superior court, the appellee filed a second paragraph of complaint for forcible entry and detainer and asked for damages in the sum of $3,500. There was a trial, finding and judgment in favor of the appellee against said Wilkey in the sum of $1,100.

This appeal is from an action on the appeal bond from the justice of the peace to the said superior court No. 2 to collect the $1,100 judgment rendered against said Paul A. Wilkey. The appellant herein filed a plea in abatement to said action, to which the appellee filed a demurrer, which demurrer was sustained, and the ruling of the court in that behalf is assigned as error herein. The appellant contends that the original action wherein this appellant executed his bond shows upon its face that the suit is one in ejectment and not for forcible entry and detainer, and was one in which the court had no jurisdiction, and the complaint shows upon its face that the suit was based upon the violation of a written contract and the damages claimed were in excess of the jurisdiction of the justice of the peace, and the judgment sued on was, because of the nature of the case and evidence introduced, beyond the jurisdiction of the justice of the peace.

It is true, in cases appealed from a justice of the peace court, the superior court has only the jurisdiction of a justice of the peace, and the latter court cannot acquire jurisdiction by permitting the pleadings to be amended so as to bring it within the jurisdiction of that court. *Goodwine* v. *Barnett* (1891), 2 Ind. App. 16, 28 N. E. 115; *Kiphart* v. *Brenneman* (1865), 25 Ind. 152; *Pritchard* v. *Bartholomew* (1873), 45 Ind. 219; *Blair* v. *Porter* (1894), 12 Ind. App. 296, 38 N. E.

874, 40 N. E. 81; *Flannegan* v. *Retemeier* (1900), 25 Ind. App. 243, 59 N. E. 389. But the action against Paul A. Wilkey was a special statutory proceeding governed by §9570 Burns 1926 (Acts 1853 p. 39), which provides that: "Any person who shall make unlawful or [and] forcible entry into lands, and shall either peaceably or forcibly detain the same against any person having right to possession thereof; or any person having peaceably obtained the possession of lands, who shall unlawfully and forcibly keep the same against any person having right to possession thereof—may be ousted from such premises, and the possession thereof restored to the person entitled to the same, and damages for detention recovered on complaint by him made, in the same manner as provided in the case of tenants holding over."

One of the early cases construing this statute is *Sturgeon* v. *Hitchens* (1864), 22 Ind. 107. This was a case brought under this section of the statute before a justice of the peace; a judgment of $51 damages was rendered. There was an appeal to the circuit court and a judgment for $500 damages was rendered in the circuit court. The Supreme Court said: "This proceeding is a special one, given by statute to justices of the peace, and without limit of amount as to jurisdiction." This decision has been followed throughout a long line of decisions and is the settled law of this state. *Campbell* v. *Nixon* (1891), 2 Ind. App. 463, 28 N. E. 107; *Blair* v. *Porter, supra; Miller* v. *Citizens Building, etc., Assn.* (1912), 50 Ind. App. 132, 98 N. E. 70; *Scott* v. *Willis* (1890), 122 Ind. 1, 23 N. E. 786.

Inasmuch as the justice of the peace in the first instance was not limited in amount of the judgment for damages for detention, it follows that the Vigo Superior Court No. 2 was not limited in the amount of judgment it could render for such

damages. Therefore, the bond on which this action was based covered any amount of damages awarded in said superior court. We find no error in the record.

Judgment affirmed.