# Richmond

## E. WARREN WALL V. THE AMERICAN BANK AND TRUST COMPANY.

January 12, 1933.

Present, Campbell, C. J., and Epes, Hudgins, Browning and Chinn, JJ.

The opinion states the case.

*E. Warren Wall* and *George E. Allen,* for the plaintiff in error.

*Williams & Mullen, Lewis C. Williams* and *Ralph T. Catterall* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

On September 30, 1930, The American Bank and Trust Company of Richmond, Virginia, caused to be issued against the plaintiff in error (hereinafter called defendant), a resident of the county of Prince Edward, a civil warrant, which reads as follows:

"The Commonwealth of Virginia, Prince Edward County, to-wit:

"To John A. Clark, sheriff of said county:

"You are hereby commanded to summon E. Warren Wall who resides within the said county, to appear before me or some other justice of the said county, who may be then there to try this warrant, at my office, Main street, Farmville, Virginia, a place within the magisterial district in which the said E. Warren Wall resides, or in which this cause of action arose, at ten o'clock a. m. on the 7th day of October, 1930, to answer the complaint of American Bank and Trust Company of Richmond, Virginia, a corporation, upon a claim for three hundred dollars and no cents, with interest from July 4, 1930, until paid, plus fifteen per cent attorney's fee as provided for in said note, subject to following credits: None. Due by said defendant on note dated May 5, 1930, payable sixty days after date to the American Bank and Trust Company at the American Bank and Trust Company of Richmond, Virginia, and then and there make due return of how you have executed this warrant.

"Given under my hand this the 30th day of September, 1930.

"J. P. McCRAW, J. P."

Process was duly served, and on October 6, 1930, upon motion of the defendant, the case was removed to the circuit court.

The case was docketed pursuant to the statute (see Code 1930, section 6243), and upon call thereof, the defendant, without entry of a plea of the general issue, filed a special plea of set-off, alleging in part that, "* * * the said plaintiff was and still is indebted to the said defendant in a large sum of money, to-wit: The sum of more than sixty-three thousand dollars ($63,000.00) for services and labor performed for the said plaintiff, and certain other banks of the city of Richmond, to-wit: The Merchants National Bank, The First National Bank, the National State and City Bank, The Planters National Bank, The Old Dominion Trust Company, The Broad Street Bank, The Union National *National* Bank, The Bank of Commerce and Trust, and the Central National Bank, for which said services performed at the special instance and request of the said banks above named, they jointly and severally promised and agreed to pay to the defendant the said sum and they and each of them now hold the said sum of money in trust for the said defendant, having received as a result of the said services and labor of the defendant, the sum of to-wit: One million, six hundred and sixty-six thousand, six hundred and sixty-six dollars and sixty-six cents ($1,666,666.66), which was earmarked with an attorney's lien in favor of the defendant, and which the said bank and each of them now hold as trustee for the benefit of the defendant, and which they and each of them on the first day of January, 1930, promised the said defendant and agreed that they and each of them would pay to the said defendant the said attorney's fee with interest thereon whenever they, the said

banks, or any of them should be thereunto so requested; and the said defendant avers that the said sum of money so due and owing from the said plaintiff to the said defendant is still in arrears and unpaid."

Upon motion of the bank the plea was rejected. Thereupon, the defendant filed an amended plea which was likewise rejected, to which action of the court the defendant excepted. Without, so far as the record discloses, any other plea being filed, all matters of law and fact were submitted to the court and judgment was entered in favor of the plaintiff in the principal sum of $83.87, together with the costs in this behalf expended, including fifteen per cent of said sum for an attorney's fee, provided for in the contract executed by the defendant, to-wit: The note sued on.

A motion to dismiss the writ of error was made in this court by the bank, on the ground that defendant had failed properly to preserve his exceptions according to the provisions of Rule XXII of this court.

The errors assigned by defendant are:

"Your petitioner respectfully assigns as error the following actions of the trial court:

"1. The trial court erred in permitting the bank to file a motion to reject the first plea of set-off and also a replication to that plea at the January, 1931, term of the court.

"2. The court erred in sustaining the bank's motion to reject the said plea of set-off by its order of January 22, 1931.

"3. That the court erred in sustaining the motion of the bank to reject your petitioner's second plea of set-off in its order of April 22, 1931."

In view of our ultimate conclusion, it becomes unnecessary to discuss either the motion to dismiss or the assignments of error.

The jurisdiction conferred upon a justice of the peace in civil matters is found in section 6015 of the Code. That

section provides: "Any claim * * * to any debt * * * or to damages for breach of any contract * * * shall * * * if the claim do not exceed $300 * * * be cognizable by a justice, * * *."

It is settled law in this State that a justice of the peace, who derives all jurisdictional authority from the statute, can only exercise such jurisdiction as is expressly conferred on him. *Martin* v. *City of Richmond,* 108 Va. 765, 62 S. E. 800; *Richmond* v. *Sutherland,* 114 Va. 688, 696, 77 S. E. 470.

In *Western Union Telegraph Co.* v. *Pettyjohn,* 88 Va. 298, 13 S. E. 431, 432, it is said: *"Any act* of a tribunal beyond its jurisdiction is null and void, and of no effect whatever, whether without its territorial jurisdiction or beyond its powers." (Italics added.)

The contract on which the bank based its action provided for the recovery of a sum of money beyond the jurisdiction of the justice of the peace. The actual recovery sought, under the terms of the contract, was the sum of $345. That is the language of the bond, and on that language jurisdiction must be based.

The action of the justice of the peace in issuing the warrant was null and void, and could not confer jurisdiction upon any court to try the case. The advantage sought by the bank, in suing out the warrant, was a speedy determination of the litigation. The advantage sought by the defendant was, no doubt, to have a trial of his claim of set-off in the pending proceeding without the inconvenience of litigating in the courts of the city of Richmond. Neither litigant was entitled to the advantage sought. It was the duty of the trial court, when the warrant itself denoted that the *cause of action* was not within the jurisdiction of the justice of the peace, to dismiss the warrant without prejudice.

The judgment will be reversed and the action remanded, with direction to the trial court to dismiss the warrant.

*Reversed and remanded.*