# Richmond

## Marjorie D. Addison, et al. v. J. O. Salyer.

November 25, 1946.

Record No. 3087.

Present, Holt, C. J., and Hudgins, Gregory, Eggleston, Spratley and Buchanan, JJ.

The opinion states the case.

*A. T. Griffith*, for the appellants.

No appearance for the appellee.

HUDGINS, J., delivered the opinion of the court.

On April 17, 1940, J. O. Salyer filed a petition for an attachment before the trial justice of Russell county, in which it was alleged that Marjorie D. Addison and Stanley Addison, the principal defendants, were indebted to him in the sum of $300; that they were removing, or about to remove, out of the State with intent to change their domicile; and that they were assigning and disposing of their estate, or the greater part thereof, with intent to hinder,

delay and defraud creditors. Attachments were issued, served upon the defendants and levied on a truck and a stock of merchandise owned by defendants. On April 30, 1940, the trial justice entered a judgment for plaintiff in the sum of $240 and ordered the property seized under the attachment to be sold to satisfy the same. On the same day an appeal was allowed, with Joel Campbell as surety on defendants' appeal bond.

On September 3, 1940, the two defendants named in the attachment presented a petition before the circuit court for a writ of prohibition against the trial justice, on the ground that he had no jurisdiction to try the claim asserted against them because it involved title to real estate. No decision was rendered on this petition.

On December 10, 1940, a jury was sworn to try the appeal of the attachment. After plaintiff had introduced a part of his evidence, he moved to declare a mistrial and to transfer the case to the equity side. Over the objection of defendants, this motion was sustained, one juror was withdrawn, the others were discharged, and the case was ordered to be transferred to the equity side of this court.

Pursuant to this order, plaintiff filed a bill in chancery as an amendment to, or substitute for, the petition for the attachment previously filed before the trial justice, in which bill it was alleged (1) that plaintiff had purchased from defendants 16.1 acres of land for the purchase price of $65 per acre; (2) that the description in the deed was not accurate and did not describe the land actually purchased; and (3) that a correct survey of the tract involved showed that it contained only 12.4 acres, a shortage of 3.7 acres, for which plaintiff was entitled to recover the sum of $240.50. The bill recited the institution of the attachment proceedings before the trial justice, the levy of the attachment on defendants' property, the judgment of the trial justice for plaintiff in the attachment proceedngs, the appeal from this judgment by defendants, the execution of a forthcoming bond in the sum of $600 with Joel Campbell as surety, the surrender of the attached property to defen-

dants, and the order of the circuit court transferring the case to the equity side.

The prayer of the bill was "that said defendants (including Joel Campbell) may be required to answer this bill, they now being before said court;" that the deed be reformed and a correct description inserted; and that plaintiff recover of defendants, including Joel Campbell, the sum of $240.50, with the costs of the attachment proceedings.

To this bill defendants filed a demurrer, challenging its sufficiency on various grounds, and, without waiving their demurrer, filed an answer and cross-bill. The final decree, entered on August 9, 1945, declared that plaintiff in the attachment proceedings was entitled to have his deed reformed in accordance with his prayer. In addition, judgment was entered for him against the defendants, including Joel Campbell, in the sum of $240.50, with interest from the date of the deed and all costs. From this decree this appeal was allowed.

Defendants, in their various assignments of error, challenge the jurisdiction of the trial justice to hear and determine the matter in the first instance.

The trial justice courts are the successors to the justice of the peace courts which were abolished in 1930. The language of the statutes conferring jurisdiction on the trial justices is substantially the same as the language of the statutes that fixed and determined the jurisdiction of the justices of the peace, except that the maximum amount recoverable in certain classes of actions has been increased. Code, 1942 (Michie), secs. 4987f1, (c) and 6015.

This court has held repeatedly that a justice of the peace has limited jurisdiction, and that, since he derives all his jurisdictional authority from the statute, he "can only exercise such jurisdiction as is expressly conferred upon him." See *Wall* v. *American Bank, etc., Co.*, 159 Va. 871, 167 S. E. 425, and cases cited. The statement is equally applicable to a trial justice.

Since 1808 this court has consistently held that a justice of the peace has no jurisdiction in cases involving title

to real property. See *Miller* v. *Marshall*, 1 Va. Cas. (3 Va.) 158; *Warwick* v. *Mayo*, 15 Gratt. (56 Va.) 528, 542; *Martin* v. *Richmond*, 108 Va. 765, 62 S. E. 800; 31 Am. Jur. 725-6; Anno. 115 A. L. R. 504.

The question raised in *Richmond* v. *Sutherland*, 114 Va. 688, 77 S. E. 470, was whether or not a police justice of the city of Richmond had jurisdiction to try a person charged with encroachment upon the street in violation of a city ordinance where such person claimed title to the land involved. The trial court followed the decision in *Martin* v. *Richmond*, *supra*, and decided that the police justice had no jurisdiction. On appeal it was held that the 1910 amendment (Acts 1910, p. 424) to section 4106 of the Code of 1887 expressly granted to police justices and justices of the peace authority to try such offenses, but the principle applicable to courts of limited jurisdiction was reiterated; namely, that such courts "can only exercise such jurisdiction as is expressly conferred."

When it appeared from the evidence before the trial justice that the plaintiff in the attachment based his claim upon the loss of acreage in, and an inaccurate description of, the tract of land described in his deed, it became the duty of the trial justice to dismiss the case from its docket.

On appeal the defendants raised the question before and after the jury were sworn. When the want of jurisdiction of the trial justice appeared to the circuit court, it should have sustained the defendants' motion to dismiss, as "the action of the justice of the peace in issuing the warrant was null and void, and *could not confer jurisdiction upon any court to try the case.*" (Italics supplied.) *Wall v. American Bank, etc., Co.*, *supra*. "*Any act* of a tribunal beyond its jurisdiction is null and void, and of no effect whatever, whether without its territorial jurisdiction or beyond its powers." *Western Union Tel. Co.* v. *Pettyjohn*, 88 Va. 296, 298, 13 S. E. 431.

An appeal in a civil case from a judgment of a trial justice, as an appeal from a conviction in a criminal case, is tried *de novo* before the circuit or corporation court.

*Gravely* v. *Deeds,·post,* p. 662, 40 S. E. (2d) 175; *Copperthite Pie Corp.* v. *Whitehurst,* 157 Va. 480, 162 S. E. 189; *Wygal* v. *Wilder,* 117 Va. 896, 86 S. E. 97. The statute (Code, sec. 6038) expressly declares that "every appeal shall be tried by the court in a summary way, without pleadings in writing, or, if the amount in controversy exceeds twenty dollars, by a jury, if either party requires it. All legal evidence produced by either party shall be heard, whether the same was produced or not before the justice from whose decision the appeal is taken, * * * ." Code, sec. 6038, provides that every appeal "shall be determined according to the principles of law and equity."

These mandates of the statutes clearly reveal that the provisions of Code, sec. 6084, dealing with the transfer of cases from one side of the court to the other, have no application to cases appealed from the decision of a trial justice.

Another assignment of error is based upon the action of the trial court in refusing to grant a writ of· prohibition against the trial justice for the purpose of prohibiting him from taking further steps in the attachment proceedings. This assignment of error is not well taken for the simple reason that there was nothing more the trial justice could do in the case. An appeal, properly perfected, transfers the entire record to the circuit or corporation court for a retrial as though originally brought therein. The judgment of the trial justice is completely annulled by the appeal and is not thereafter effective for any purpose.

Mr. Justice Holt, in *Gemmell, Inc.* v. *Svea Fire, etc., Ins. Co.,* 166 Va. 95, 98-9, 184 S. E. 457, said: "A court which hears a case *de novo,* which disregards the judgment of the court below, which hears evidence anew and new evidence, and which makes final disposition of the case, acts not as a court of appeals but as one exercising original jurisdiction.

\*       \*       \*       \*       \*       \*

" 'When an appeal is taken by either party, its effect is not only to suspend but to destroy the effect of a judg-

ment of a justice. It makes it as though no judgment had been rendered. The cause is considered as still pending, no regard is had to the judgment of the justice, and the rights of the parties are the same as they would be in any other suit pending in the courts of record.' *Turner* v. *Northcut,* 9 Mo. 251.".

██ The next question raised is whether a plaintiff, while his case is pending in the circuit court on appeal from a decision of the trial justice, may amend his pleadings to present a case which, as clearly shown on the face of the pleadings, the trial justice has no jurisdiction to determine.

This is an open question in Virginia. In *Copperthite Pie Corp.* v. *Whitehurst, supra,* it was held that a civil justice had jurisdiction to hear and determine defendant's right of set-off and that, even if set-off was not pleaded before the civil justice, on appeal it could be pleaded before the circuit or corporation court. The discussion in the case was based on the assumption that the amount of the set-off claimed did not exceed the original jurisdiction of the civil justice.

██ The general rule is that jurisdiction of the circuit or corporation courts to try cases appealed from a decision of a trial justice is derivative and if the trial justice had no jurisdiction to issue the warrant, the appellate court acquired no jurisdiction by an appeal—that is, the jurisdiction of the appellate court in such matters is the same as that of the court in which the action was originally instituted.* The limitation of power in the trial justice court adheres to the case throughout. "The jurisdiction of an appellate court on

---

*Stacey Cheese Co.* v. *Pipkin,* 155 N. C. 394, 71 S. E. 442, 37 L. R. A. (N. S.) 606 and note; *Davis* v. *Hagan* (Tex. Civ. App.), 255 S. W. 484; *Missouri, etc., Ry. Co.* v. *Hughes,* 44 Tex. Civ. App. 436, 98 S. W. 415; *Bankers' Mortgage Co.* v. *Rogers* (Tex. Civ. App.), 61 S. W. (2d) 593; *Brandon* v. *Progress Distilling Co.,* 167 Ala. 365, 52 So. 640; *Tracy* v. *Sumida,* 31 Cal. App. 716, 161 P. 503; *O'Mara* v. *Mancourt,* 92 Ind. App. 426, 174 N. E. 297; *Short* v. *Morrison,* 149 Mo. App. 372, 130 S. W. 78; *Bickett* v. *Garner,* 21 Ohio St. 659; *Albinola* v. *Horning,* 39 Idaho 515, 227 P. 1054; *Rose* v. *Christinet,* 77 Ark. 582, 92 S. W. 866; *Saunders* v. *Scott,* 132 Mo. App. 209, 111 S. W. 874.

an appeal from a justice of the peace is entirely derivative, and if the justice had no jurisdiction in an action as it was before him the appellate court acquires no jurisdiction by an appeal, and can derive none by amendment." 31 Am. Jur. 768.

In *Hamilton v. Canfield*, 70 W. Va. 629, 74 S. E. 878, the West Virginia court held that, on an appeal from the judgment of the justice, the jurisdiction of the appellate court is not broader than that of the justice as regards the subject matter of the action.

For a more detailed discussion of this question, see *Stacy v. Mullins, post*, p. 837, 40 S. E. (2d) 265.

There is one exception to this rule, expressly stated in Code, section 5449, which provides that, on appeal from a decision of the trial justice in actions of forceful entry or unlawful detainer, the trial justice may require the defendant "to give security also for all rent which has accrued upon said premises and which may accrue thereon, but for not more than one year's rent in all, * * * ." A similar West Virginia statute was construed in *State v. Black*, 91 W. Va. 251, 112 S. E. 497. It was held that a plaintiff was entitled to damages sustained between the time of the institution of the action of unlawful detainer in the justice's court and the rendition of the final judgment thereon by the circuit court on appeal, although the amount was in excess of the justice's jurisdiction.

The decree is reversed and all proceedings are dismissed.

*Reversed and dismissed.*