## CIRCUIT COURT OF ROCKINGHAM COUNTY

Seventy Seven Acres,
a partnership

v.

Israel Munoz

December 16, 1997

Case No. (Law) 10837

By Judge John J. McGrath, Jr.

This is an appeal from the General District Court's judgment for damages of $562.02 awarded to a landlord who is stipulated to be covered by the Virginia Residential Landlord and Tenant Act (Va. Code § 55-248.2, *et seq.*) (hereinafter VRLTA). After the termination of a written lease, the Plaintiff landlord filed a Warrant in Debt in the General District Court against the tenant for damages allegedly done to the rental property during the period of Defendant's tenancy. An appeal was docketed in this Court on December 28, 1996. After the appeal had been noted, the tenant obtained counsel and shortly thereafter filed a three-count Counterclaim plus a Grounds of Defense.

The three-count Counterclaim of the Defendant alleged three separate causes of action:

(1) Count One claimed that the landlord had failed to live up to various obligations of providing a safe and habitable premises as required by § 55-248.13 of the VRLTA and thus sought $5,000.00 in damages against the Plaintiff pursuant to § 55-248.21 of the VRLTA.

(2) Count Two of the Counterclaim asserted that the landlord terminated Defendant's lease as an act of retaliation in violation of § 55-248.39 of the VRLTA for the tenant's having reported the conditions of the rented property to the appropriate health and safety officials of Rockingham

County. The Defendant seeks damages of $1,500.00 as a result of this alleged violation.

(3) Count Three of the Counterclaim asserted that the Plaintiff is covered by the Virginia Consumer Protection Act (§ 59.1-195 *et seq.* of the Code of Virginia, 1950, as amended) and that various acts of the Defendant were in violation of this Consumer Protection Act, and as a result, the Plaintiff claims damages of $3,000.00 pursuant to § 59.1-204 of the Code of Virginia.

In the Counterclaim, the Defendant also asserted that he is entitled to recovery of reasonable attorney's fees pursuant to § 55-248.21 of the VRLTA and § 59.1-204 of the Virginia Consumer Protection Act.

The Plaintiff filed a Demurrer to the Counterclaim asserting that Counts One and Two of the Counterclaim, which were based upon violations of the VRLTA are beyond the jurisdiction of this Court because pursuant to § 55-248.40 of the VRLTA, the Circuit Courts have exclusive jurisdiction to enforce the applicable provisions of the VRLTA and, since this matter is before the Circuit Court on an appeal from the General District Court, this Court is limited to the same jurisdictional constraints of the District Court, and is, therefore, without jurisdiction to grant the relief requested in Counts One and Two of the Counterclaim. Secondly, the Demurrer challenges Count One of the Counterclaim because it does not specifically aver that the tenant served "written notice" upon the landlord as Plaintiff contends is required by the statute. Lastly, the Plaintiff originally challenged whether a cause of action could be stated under § 59.1-198 because the lease agreement is allegedly not a "consumer transaction." At oral argument, the Defendant withdrew the Demurrer as it related to the Virginia Consumer Protection Act. Therefore, the only issues facing the Court at this time are the two issues related to appropriate interpretation of the VRLTA.

## I. *Jurisdiction of the Circuit Court to Hear Claims for Damages Arising under the Virginia Residential Landlord Tenant Act*

The plaintiff's Demurrer as regards jurisdiction of this Court rests on the last section of the VRLTA, § 55-248.40, which reads as follows:

*Actions to enforce chapter.* Any person adversely affected by an act or omission prohibited under this chapter may institute an action for injunction and damages against the person responsible for such act or omission in the circuit court in the county or city in

which such act or omission occurred. If the court finds that the defendant was responsible for such act or omission, it shall enjoin the defendant from continuance of such practice, and in its discretion, award the plaintiff damages as herein provided.

The plaintiff's assertion is simply that § 55-248.40 of the VRLTA requires all suits (unless specifically provided to the contrary) to enforce or collect damages pursuant to the Act to be brought in a Circuit Court. Plaintiff reasons that since this matter is before this Court on appeal from the General District Court, this Court is bound by the jurisdiction of the General District Court pursuant to the doctrine set forth in *Addison v. Salyer*, 185 Va. 644 (1946).

The plaintiff concedes, as it must, that certain provisions of the VRLTA specifically provide that actions to enforce such actions may be brought in the General District Court. For example, pursuant to § 55-248.27, the tenant has a specific statutory right to escrow rent when there is a dispute concerning the nature of the premises, and the Code provides that: "The tenant may file such an assertion in the General District Court wherein the premises are located by a declaration setting forth such assertion . . . ."

The Defendant, on the other hand, argues that § 55-248.40 of the VRLTA is merely a permissive statute granting circuit courts jurisdiction over matters relating to enforcement of the VRLTA even if the amount in controversy does not reach the $1,000.00 threshold for Circuit Court jurisdiction. Surprisingly, there appears to be little case authority on this issue in Virginia. The defendant points to the Supreme Court's decision in *Elliott v. Great Atlantic Mgt. Co.*, 236 Va. 334 (1988), in which the Supreme Court inferentially approved of suits by a landlord covered by VRLTA for unlawful detainer and unpaid rent in the General District Courts as circumstantial evidence that General District Courts have jurisdiction over cases arising under the VRLTA. The Supreme Court, however, in that case never addressed the underlying issue of jurisdiction.

An appropriate analysis of this matter needs to start with a review of the general civil jurisdiction given by the legislature to the General District Courts. The applicable portion of § 16.1-77 reads:

Except as provided in Article 5 (§ 16.1-122.1 et seq.) of this chapter, each General District Court shall have within the limits of the territory it serves civil jurisdiction as follows: (1) Exclusive original jurisdiction of any claim to specific personal property or to any

debt, fine, or other money, or to damages for breach of contract or for injury done to property, real or personal, or for any injury to the person, which would be recoverable by action at law or suit in equity, when the amount of such claim does not exceed $1,000.00 exclusive of interest and any attorney's fees contracted for in the instrument and concurrent jurisdiction with the circuit courts having jurisdiction in such territory of any such claim when the amount thereof exceeds $1,000.00 but does not exceed $15,000.00, exclusive of interest and attorney's fees contracted for in the instrument.

The nature of the VRLTA is to create certain rights and liabilities, including remedies for landlord and tenants who come within the ambit of that provision. This statute is a specialized supplement to the regular Landlord and Tenant statutory provisions set forth in §§ 55-217 to 55-248 of the Code and the common law applicable to landlord and tenant relationships, and it must be read in conjunction with those other sources of governing law. The rights and remedies created under the VRLTA are clearly civil in nature and provide in certain instances for there to be monetary damages payable by one party to the other. For example, § 55-248.21 provides that:

The tenant may recover damages and obtain injunctive relief for noncompliance by the landlord with the provisions of the rental agreement or of this chapter.

Similarly, § 55-248.39 provides that, under certain circumstances, the tenant may recover damages if the landlord retaliates against the tenant for the tenant's having reported certain violations of the VRLTA to appropriate authorities.

In both of these instances, it is clear that the monetary sum to be awarded is equated with "damages" and that a claim for such damages is clearly within the civil jurisdiction of the general district courts as set forth in § 16.1-77(1). It is clear that this is a civil suit for damages, thus it would be encompassed within subpart (1) of § 16.1-77. Given the breadth of civil jurisdiction conferred upon the General District Courts under § 16.1-77, it is this Court's interpretation that § 55-248.40 of the VRLTA is "permissive" in nature and does not oust the general district court of its normal jurisdiction. In other words, this provision has been put in the statute to make it clear that circuit courts may entertain *inter alia* suits under

the VRLTA for injunctive relief and monetary damages even when the amount in controversy does not meet the statutory threshold for circuit court jurisdiction.

Moreover, to accept Plaintiff's interpretation of § 55-248.40 would create a rather strange result. The legislative purpose for the VRLTA was set forth by the legislature as follows (§ 55-248.3):

> The purposes of this chapter are to *simplify, clarify, modernize* and revise the law governing the rental of dwelling units and the rights and obligations of landlords and tenants . . . and to establish a single body of law relating to landlord and tenant relations throughout the Commonwealth . . . . [Emphasis added.]

If Plaintiff's interpretation of the limits of the General District Court's jurisdiction is correct, the result would be that covered landlords could sue for rent and possession of leased premises in General District Court, but the tenants would have to commence a separate proceeding in the Circuit Court in order to raise claims and defenses under the VRLTA. This would be the very antithesis of the simplification, clarification, and modernizing action that was intended by the legislature when it enacted the VRLTA.

Accordingly, the plaintiff's Demurrer to Counts One and Two of the Counterclaim on the grounds that this Court does not have jurisdiction on an appeal from the General District Court to entertain suits for damages in violation of the VRLTA is hereby overruled.

## II. *The Necessity of Written Notice*

Plaintiff contends that the Counterclaim asserting violations of the VRLTA does not aver that written notice was given to the plaintiff in accordance with the terms of the VRLTA. The plaintiff relies upon the language in § 55-248.21 which provides in at least three separate places that the tenant "may serve a written notice" upon the landlord. Under the provisions of § 55-248.21, the use of the term "written notice" is limited to the right of the tenant to terminate a lease. There is no requirement of written notice in the paragraph of § 55-248.1 which deals with damages. Therefore, the Counterclaim is not deficient for failure to aver written notice when seeking damages for breach of the lease or violation of the VRLTA. Therefore, the portion of Plaintiff's Demurrer based on the failure to give written notice is overruled.

Plaintiff having withdrawn the Demurrer to Count One based on the Virginia Consumer Protection Act, there is nothing further to be decided in this matter at this time.

The Clerk is directed to send an attested copy of this Opinion and Order to Timothy E. Cupp, Esq., counsel for Defendant, and to J. J. Litten, Esq., counsel for Plaintiff.