# CIRCUIT COURT OF ORANGE COUNTY

Shayna Palmer

v.

Nicholas Alexander Mitchell

January 28, 2016

Case No. CL15-000156-00

By Judge Daniel R. Bouton

I am writing to provide the court's ruling with regard to the disputed question about whether the circuit court has the power to enforce the support order that was appealed from the Orange County Juvenile and Domestic Relations District Court. This was the subject of oral argument at the hearing that was conducted on November 20, 2015. The court took the matter under advisement and requested that counsel submit written arguments in support of their respective positions.

Turning to the disputed issue, the court rejects the argument that the circuit court has no jurisdiction to enforce the support order that has been appealed. In this regard, there is no dispute that the court has subject matter jurisdiction over the case. Moreover, in adjudicating appeals, § 16.1-296(1) gives the circuit court "all the powers and authority granted by the chapter to the juvenile and domestic relations district court." There is no limitation on such powers in the statute. There is also no provision that expressly prohibits the circuit court from enforcing a support order in a case where it has acquired subject matter jurisdiction on appeal. The court is not persuaded that the language referring to the "disposition" of such cases should be construed to mean that the circuit court only has jurisdiction to try the appeal and not to enforce the juvenile court support order. Such an interpretation would be inconsistent with the comprehensive and sweeping powers granted by the statute. Moreover, as a general rule, the jurisdiction of circuit courts to try cases appealed from the district courts is derivative. As such, the jurisdiction and power of the appellate court is the same as that of the court in which the action was originally instituted. *Addison v. Salyer*, 185 Va. 644 (1946). This well established principle of law is consistent with the argument that the circuit court has the power to enforce the support

order. It is also consistent with the court's analysis of how § 16.1-296(1) should be applied.

Support for the court's ruling can also be found in *Grizzle v. Commonwealth*, 95 Va. UNP 1014933 (Va. App. 1995). There, the Court of Appeals addressed the same issue that is now before the court. In a case that was appealed from the juvenile and domestic relations district court, the circuit court initiated contempt proceedings against the appellant for failing to obey a support order. Like Mr. Mitchell, the appellant in Grizzle argued that the court had no jurisdiction to enforce the order. The Court of Appeals explicitly rejected this argument and relied on the language of § 16.1-296(1). The Court said: "The appeal of the motion to amend child support placed in issue the question of child support and invoked the jurisdiction of the circuit court. Therefore, the circuit court had jurisdiction to initiate contempt proceedings against appellant for failure to obey the juvenile and domestic relations district court order." *Id.*, at p. 2. On this point, the court finds persuasive the arguments made by Mr. Seiden in his Memorandum. Such arguments are adopted as part of the rationale for the court's ruling.

It should also be noted that the court agrees that the Orange County Juvenile and Domestic Relations District Court retains jurisdiction to enforce its order even though the case is on appeal. The court is also aware that many circuit courts decline to exercise enforcement powers and refuse to initiate contempt proceedings when support orders are before the court in appeals of this type. In refusing to act, circuit courts often cite the statutory power of the juvenile court to enforce its order by contempt. However, whether the court chooses to act is separate and apart from whether the court has the power to act. Moreover, to identify and acknowledge the practices that most circuit courts follow has no significance to the legal analysis. Rather, the issue is whether the statutory provisions in question give the court the authority to proceed with the show cause. It is not whether most circuit courts and circuit court clerks decline to issue process.

In light of the above discussion, the court finds that Mr. Mitchell is in civil contempt of the existing support order. The precise nature of the punishment for his contempt will be taken under advisement. Moreover, since the court has chosen to enforce the order by exercising its civil contempt powers, Virginia law requires that the trial judge set the terms by which Mr. Mitchell can purge himself of the contempt. Here, the conditions that must be satisfied will be simple. First, he must make on a timely basis all payments that are required under the existing order. Second, he must make a good faith effort to satisfy the arrearages. Third, he will be required to pay reasonable attorney's fees incurred by Ms. Palmer in order to enforce the support order. If Mr. Mitchell satisfies these conditions, the contempt will be purged, and the citation will be dismissed. As part of the court's ruling, a hearing will be scheduled for the purpose of reviewing whether he has complied with the purge conditions and to determine the amount of fees

that will be awarded. The hearing will take place after the pending appeal has been fully resolved so that all disputed issues between the parties can be concluded in the circuit court.