COURT OF APPEALS OF VIRGINIA

Present: Humphreys, Huff and Lorish

LAWRENCE E. MATTISON

v.       Record No. 0813-22-1

THE SECRETARY OF VETERANS AFFAIRS

MEMORANDUM OPINION*
PER CURIAM
JANUARY 31, 2023

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Michael A. Gaten, Judge

(Lawrence E. Mattison, on brief), *pro se*.

(Martin Mooradian, on brief), for appellee.

Lawrence E. Mattison, *pro se*, appeals the circuit court's order granting summary judgment

to the Secretary of Veterans Affairs and awarding the Secretary possession of certain real property.

Mattison argues that the circuit court should have continued or dismissed this case pending

resolution of separate federal litigation addressing his "bona fide claim" against the Secretary's

title to the property. After examining the briefs and record in this case, the panel unanimously

holds that oral argument is unnecessary because "the appeal is wholly without merit." Code

§ 17.1-403(ii)(a); Rule 5A:27(a). For the following reasons, the circuit court's judgment is

affirmed.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

*Nielsen v. Nielsen*, 73 Va. App. 370, 377 (2021) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)).

In December 2021, the Secretary filed a complaint in the circuit court alleging that Mattison had executed a deed of trust on his real property to secure a promissory note in March 2013. After Mattison defaulted on payments under the note, the Secretary purchased the property at a foreclosure sale in June 2018. In October 2021, the Secretary served Mattison with a notice to vacate, demanding possession of the property within ten days. Mattison refused to vacate the property and became a tenant by sufferance. The complaint asked the circuit court to award the Secretary immediate possession of the property.

Through a responsive pleading, two motions to dismiss, and motion for a continuance, Mattison asserted that in a prior unlawful detainer action, the Secretary had taken a voluntary nonsuit after Mattison raised "bona fide claims" against the Secretary's title to the property in separate federal litigation.[1] Mattison argued that the circuit court should continue the case or dismiss it without prejudice because the federal litigation was still pending in the United States Court of Appeals for the Fourth Circuit Court (Fourth Circuit) and "Merit System Protection Board."

---

[1] The prior action began in the General District Court for the City of Hampton. General district courts have "no subject matter jurisdiction to try title to real property." *Parrish v. Fed. Nat. Mort. Ass'n.*, 292 Va. 44, 50 (2016) (citing *Addison v. Salyer*, 185 Va. 644, 648 (1946)). Moreover, "when exercising its appellate jurisdiction in a *de novo* appeal, the circuit court's subject matter jurisdiction is derivative of the court not of record from which the appeal is taken." *Id.* (citing *Addison*, 185 Va. at 651-52). Accordingly, when a defendant in an unlawful detainer action raises a "bona fide" claim against the plaintiff's title for the first time in circuit court in a *de novo* appeal from a general district court's judgment, the circuit court must dismiss the action without prejudice, and the plaintiff may refile its claim in the circuit court "under that court's original jurisdiction." *Id.* at 54. The record reflects that after the general district court awarded the Secretary possession of the property, Mattison appealed to the circuit court and raised, for the first time, what he characterized as a "bona fide" claim against the Secretary's title to the property. Accordingly, the Secretary took a voluntary nonsuit and refiled its claim in the circuit court.

The Secretary moved for summary judgment, arguing that Mattison had not denied any of the allegations in its complaint. The Secretary asserted that Mattison's two federal cases had been dismissed and were pending appeal in the Fourth Circuit "without any stay having been entered." On April 29, 2022, the circuit court heard argument on the above motions. The record does not include a transcript of the hearing, or a written statement of facts in lieu of a transcript. The circuit court granted the Secretary's motion for summary judgment. Mattison appeals.

ANALYSIS

I. Rule 5A:20

In his first assignment of error, Mattison argues that the circuit court's ruling was "based on a misunderstanding that the bona fide claim . . . was a 'separate issue.'" Without citing to the record, he lists questions that he claims are at issue in federal litigation surrounding the Secretary's "tort violations and Federal law violations against [him]." Moreover, he suggests that but for the Secretary's "federal law violations," he would not "have acquired title/deed to 'the property.'" Mattison, however, cites no principles of law or legal authority to support his first assignment of error.

An opening brief must contain "[t]he standard of review and the argument (including principles of law and authorities) *relating to each assignment of error*." Rule 5A:20(e) (emphasis added). "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not . . . correct deficiencies in a brief." *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986) (quoting *Buchanan v. Buchanan*, 14 Va. App. 53, 56 (1992)). "[I]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Bartley v. Commonwealth*, 67 Va. App. 740, 746 (2017) (quoting *Sneed v. Bd. of Pro. Resp. of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010)). "Nor is it this Court's 'function to comb through the record . . . in order to ferret-out for

ourselves the validity of [appellant's] claims.'" *Burke v. Catawba Hosp.*, 59 Va. App. 828, 838 (2012) (quoting *Fitzgerald v. Bass*, 6 Va. App. 38, 56 n.7 (1988) (*en banc*)). "[W]hen a party's 'failure to strictly adhere to the requirements of Rule 5A:20(e)' is significant, this Court may treat the question as waived." *Bartley*, 67 Va. App. at 744 (quoting *Parks v. Parks*, 52 Va. App. 663, 664 (2008)).

Mattison's failure to comply with Rule 5A:20(e) under his first assignment of error is significant, and he has not corrected the deficiency despite being afforded an opportunity to do so.[2] His entire argument consists of a list of questions that he claims, without citations to the record, are at issue in federal litigation of unspecified "tort violations" and "Federal law violations." He cites no legal authority to support his argument or explain why the circuit court's judgment was in error. Thus, his argument "leaves us without a legal prism through which to view his alleged error." *Bartley*, 67 Va. App. at 746. Accordingly, Mattison's first assignment of error is waived. *See id.* at 745 (holding that an appellant's failure to comply with Rule 5A:20 was significant when he cited to only one case and "fail[ed] to support [his] argument with any legal analysis or authority").[3]

## II. No Transcript or Written Statement of Facts

In his remaining assignments of error, Mattison argues that the circuit court erred in holding, during the April 29, 2022 hearing, that he needed a "stay from a separate tribunal." He maintains that the circuit court's ruling was "contrary to argument [p]resented" at the hearing and conflicted

---

[2] After Mattison filed his initial opening brief, this Court notified him that, among other things, the brief failed to comply with Rule 5A:20(e). Mattison filed an amended brief that did not correct the deficiency.

[3] A *pro se* litigant "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." *Townes v. Commonwealth*, 234 Va. 307, 319 (1987); *see also Francis v. Francis*, 30 Va. App. 584, 591 (1999) ("Even *pro se* litigants must comply with the rules of court.").

with *Parrish v. Federal National Mortgage Association*, 292 Va. 44 (2016). Moreover, he contends that the Secretary failed to present evidence at the hearing that a "bona fide" claim against its title to the property no longer existed. Finally, he asserts that the circuit court's findings at the hearing erroneously assumed there was a "'timeline' related to bona fide claims." As noted above, the record does not include a transcript or written statement of facts detailing the above arguments and findings made during the April 29, 2022 hearing.

"On appeal, we presume the judgment of the trial court is correct." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). "The burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error. In the absence [of a sufficient record], we will not consider the point." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (second alteration in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)). A transcript of any proceeding or a written statement of facts becomes part of the record if filed in the trial court clerk's office within sixty days after entry of final judgment. Rule 5A:8(a) and (c). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b)(4)(ii); *see also Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000) (holding that "[t]his Court has no authority to make exceptions to the filing requirements" for transcripts "set out in the Rules" (quoting *Turner*, 2 Va. App. at 99)).

Mattison's arguments on appeal center around the circuit court's findings during the April 29, 2022 hearing and the argument presented by the parties at that hearing. With no record of the arguments Mattison made or the positions he took (or possibly abandoned) at the April 29, 2022 hearing, we cannot know whether he presented the specific arguments he advances on appeal to the circuit court or if his appellate argument repudiates a position that he may have taken in the circuit court, let alone whether the circuit court erred as he claims. *See* Rule 5A:18 (stating this Court will

only consider arguments that were timely raised in the trial court); *Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (recognizing that a party may not take inconsistent positions during the course of litigation). Thus, the transcript, or a written statement of facts in lieu of a transcript, from the April 29, 2022 hearing is indispensable to a determination of Mattison's remaining arguments on appeal. Accordingly, those arguments are waived. Rule 5A:8(b)(4)(ii).[4]

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*

---

[4] Mattison's amended opening brief also fails to comply with Rule 5A:20(c)(iii) by including his assignments of error "under a separate heading." The Court does not address that deficiency given the above waivers of Mattison's arguments on appeal.