## Richmond

OVERNITE TRANSPORTATION COMPANY v. BARNETT'S, INC.

OVERNITE TRANSPORTATION COMPANY v. WHITE FRONT SUPPLY COMPANY.

September 2, 1976.

Record Nos. 750960 and 750961.

Present, All the Justices.

*Charles B. Flannagan, II* (*Woodward, Miles & Flannagan,* on brief), for plaintiff in error in Record Nos. 750960 and 750961.

*Douglas G. Campbell,* for defendant in error in Record Nos. 750960 and 750961.

CARRICO, J., delivered the opinion of the court.

Under Rule 3:5, Rules of Court, a defendant is in default if, within 21 days after service upon him of a notice of motion for judgment, he fails to file responsive pleadings. But is a defendant who appeals a judgment of a general district court in default under Rule 3:5 for failure to file responsive pleadings within 21 days after service of notice that the appeal has been docketed in circuit court? This is the novel question presented here.

In the general district court, Overnite Transportation Company was the defendant in two civil warrants brought by separate plaintiffs, Barnett's, Inc. (Record No. 750960), and White Front Supply Company (Record No. 750961). Overnite filed no responsive pleadings. The cases were heard, and judgments were entered against Overnite in favor of the plaintiffs.

Overnite timely perfected appeals from both judgments. The papers were forwarded to the clerk of the circuit court, and he notified the parties that the appeals had been docketed in his office.

Prior to the next term of circuit court, but more than 21 days after service of the clerk's notices, Overnite "learned that Barnett's and White Front took the position that they were entitled to default judgments because of Overnite's failure to file responsive pleadings within twenty-one days following the service of Notices of Appeal upon Overnite." Thereupon, Overnite filed a written motion in each case for leave to file grounds of defense. The motions were denied, Overnite was declared in default, and the judgments now under review were entered against Overnite.

Rule 3:5, in pertinent part, reads as follows:

> "A defendant may within twenty-one days after service on him of [a] notice of motion for judgment file in the clerk's office his pleadings in response, and if he fails to file a pleading he is in default."[1]

Rule 3:5 is included in Part Three, Rules of Court, pertaining to "Practice and Procedure in Actions at Law." While the Rules generally are designed to control the course of actions at law in circuit courts, they also govern civil "cases appealed or removed" to circuit courts "whenever applicable to such cases." In matters not covered by the Rules, however, "established practices and procedures are continued." Rule 3:1.

When a motion for judgment is filed in circuit court, Rule 3:3 requires the clerk to prepare a notice according to a prescribed form

---

[1]Rule 3:17 is related. It reads:

"A defendant who fails to plead to a notice of motion for judgment within the required time is in default. He is not entitled to notice, including notice to take depositions, of any further proceedings in the case. He waives trial by jury and all objections to the admissibility of evidence. The court shall, on motion of plaintiff, enter judgment for the amount appearing to the court to be due. If the relief demanded is unliquidated damages the court shall hear evidence and fix the amount thereof, unless the plaintiff demands trial by jury, in which event, a jury shall be impaneled to fix the amount of damages."

and to attach the notice to the motion for judgment. The combined papers constitute the notice of motion for judgment, "to be served as a single paper." The notice contains a specific warning of the danger of default for failure to respond within 21 days of service.

The requirement of notice that an appeal has been docketed is contained in Code § 16.1-112.[2] This section is part of Article 3, entitled "Procedure in Civil Cases," of Chapter 6 of Title 16.1, pertaining to courts not of record.

The plaintiffs contend that a notice of the docketing of an appeal is equivalent to a notice of motion for judgment and that Rule 3:5 requires a defendant, under pain of default, to file responsive pleadings within 21 days after service of notice that an appeal has been docketed. We do not agree.

A notice that an appeal has been docketed is not, by name, nature, or form, equivalent or even similar to a notice of motion for judgment. A notice of motion for judgment is notice to *the defendant* of a new action brought against him. In prescribed form, the notice specifically calls upon him timely to respond or suffer the enunciated danger of default.

On the other hand, a notice that an appeal has been docketed is simply notification of continuing action in the same case, of whose pendency the defendant is already aware. The notice is required by Code § 16.1-112 to be served only upon *the appellee* or his attorney. The appellee, of course, as in each of the present cases, often is the plaintiff, who could hardly be expected to respond to his own civil warrant or other similar pleading. No particular form is prescribed

[2]"§ 16.1-112. All papers transmitted to appellate court; further proceedings.—The judge or clerk of any court from which an appeal is taken under this article shall promptly transmit to the clerk of the appellate court the original warrant or warrants or other notices or pleadings with the judgment endorsed thereon, together with all pleadings, exhibits and other papers filed in the trial of the case, the required bond or the money deposited in lieu of such bond and the writ tax and costs paid pursuant to § 16.1-107. Upon receipt of the foregoing by the clerk of the appellate court, the case shall then be docketed.

"When such case has been docketed, the clerk of such appellate court shall by writing to be served, as provided in §§ 8-51 through 8-53, or by certified mail, with certified delivery receipt requested, notify the appellee or his attorney that such an appeal has been docketed in his office; provided, that upon affidavit by the appellant or his agent in conformity with § 8-71 being filed with the clerk, the clerk shall post such notice at the front door of his courtroom and shall mail a copy thereof to the appellee at his last known address or place of abode or to his attorney; and he shall file a certificate of such posting and mailing with the papers in the case. No such appeal shall be heard unless it appears that the appellee or his attorney has had such notice, or that such certificate has been filed, ten days before the date fixed for trial, or has in person or by attorney waived such notice."

for the notice; the clerk is required merely to give notice that "such an appeal has been docketed in his office." Indeed, while in the present cases the notices were served upon the appealing party, Overnite, as well as the appellees, the notices properly were silent upon the subjects of response and default.

Consequently, when Rule 3:5 speaks of default for failure to respond to a notice of motion for judgment, the Rule by its terms is not applicable to a notice that an appeal has been docketed. Neither is there an "established practice or procedure" which requires a response to a notice of the docketing of an appeal.

This does not mean, however, that the circuit court may not require a defendant in an appealed case to file responsive pleadings and declare him in default for failure to respond as required. Code § 16.1-114 affords the circuit court full power to control the course of appeals. This Code section provides that the court "shall retain [an appealed case], with full power . . . to enter such orders and direct such proceedings as will tend . . . to promote substantial justice to all parties, and to bring about a trial of the merits of the controversy." And we note that, by its terms, § 16.1-114 "shall be liberally construed, to the end that justice be not delayed or denied by reason of errors in the pleadings or in the form of the proceedings."

For the reasons assigned, we hold that the trial court erred in declaring Overnite in default for failure to file responsive pleadings within 21 days after service of notice that the appeals had been docketed. The trial court should have granted Overnite's motions for leave to file grounds of defense. The judgments appealed from, therefore, will be reversed, and the cases will be remanded for the entry of orders permitting the filing of Overnite's grounds of defense and for new trials.

*Reversed and remanded.*