## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Grinnell Fire Protection
Systems Co., Inc.

v.

Robert Sills and
Quality Moving & Storage Co., Inc.

October 29, 1979

Case No. (Law) 5236

### By JUDGE ALBERT H. GRENADIER

The Court has read with interest the memoranda submitted by counsel on the issue of whether this appeal from the General District Court brings the entire case and all of the defendants before this Court or only that portion of the case as affects the party defendant prosecuting the appeal.

This issue has never been squarely decided in Virginia. However, pertinent language from several Virginia cases concerning such appeals would tend to indicate that the appeal and subsequent trial de novo involves the entire case and all of the parties. In *Addison* v. *Salyer*, 185 Va. 644 (1946), the Court said:

> An appeal, properly perfected, transfers the entire record to the Circuit Court for a retrial as though originally brought therein. The judgment of the trial justice is completely annulled by the appeal and is not thereafter effective for any purpose. . . When an appeal is taken by either party, its effect is not only to suspend, but to destroy the effect of a judgment of a justice. It makes it as though no judgment had been rendered. The case is considered as still

pending, no regard is had to the judgment of the justice, and the rights of the parties are the same as they would be in any other suit pending in the courts of record.

Even if an appeal does not automatically bring the entire case and all of the parties into the Circuit Court, the Circuit Court has inherent power to order the same. This conclusion is drawn from the following language in *Overnight Transportation Company* v. *Barnett*, 217 Va. 222 (1976):

Code 16.1-114 affords the Circuit Court full power to control the course of appeals. This Code section provides that the Court "shall retain [an appealed case], with full power . . . to enter such orders and direct such proceedings as will tend. . . to promote substantial justice to all parties, and to bring about a trial on the merits of the controversy.

To sustain the position of the defendants that the defendant Sills is relieved from further participation in this case would, in the opinion of the Court, hinder a full trial on the merits of the controversy and would not tend to promote substantial justice for all parties concerned.

Accordingly, it is the ruling of the Court that both remaining defendants are before the Court on this appeal.