## CIRCUIT COURT OF CLARKE COUNTY

G & G Roofing Co.

v.

Harrington Harris

March 6, 1986

Case No. (Law) 1944-CL

By JUDGE ROBERT K. WOLTZ

This case requires resolution of a plaintiff's objection to and motion to strike a counterclaim of the defendant for late filing, the case having been appealed from the General District Court. Recitation of pertinent dates of activities in the case is important to decision.

The warrant in debt based on contract for $1,370 was issued October 1, 1984, served October 4, 1984, and no responsive pleadings were filed by the defendant. It appears now that the basis of the warrant was the breach of a contract for the roofing of defendant's building by the plaintiff. In the lower court the case was twice continued for trial. That court rendered judgment December 6, 1984, for the plaintiff in the sum of $400. Plaintiff noted appeal December 17 and it was perfected and docketed in the Circuit Court December 18, 1984.

The case lay dormant without pleadings being filed or other activity until the November 12, 1985, Motion Day, at which the defendant did not appear, when for the purpose of defining issues more precisely the Court ordered the plaintiff to file a motion for judgment on or before December 3rd and for the defendant to file grounds of defense or other responsive pleading by December 24, 1985, and trial was set with a venire of five for March 10, 1985. Plaintiff filed its motion for judgment December 9th, six days late. Defendant filed grounds of

defense and a counterclaim for $9,766 in two counts January 6, 1986, thirteen days late, but actually only ten days late since under appropriate statutory authority the Clerk's Office was closed December 24-26.

Defendant asserts receipt of a letter from plaintiff's counsel apologizing for late filing of the motion for judgment and offering defendant "the same amount of extra time that I took if you be so disposed." Even granting the validity of this offer of extension by counsel in the face of an order specifying a specific date for filing, which the Court does not accept, the defendant was still four days later in making her filing than the plaintiff had been. No issue is raised by the defendant regarding the plaintiff's late filing of motion for judgment nor does plaintiff raise objection to defendant's late filing of grounds of defense, but does object to the late filing of defendant's counterclaim.

Code Section 16.1-114 by its own terms is to be liberally construed and gives "the circuit court full power to control the course of appeals" of cases from the General District Court, and allows the Circuit Court to require a defendant in such case "to file responsive pleadings and declare him in default for failure to respond." *Overnite Transportation Co.* v. *Barnett's, Inc.*, 217 Va. 222, 225 (1976).

In cases initiated in circuit courts twenty-one days after service of process on the defendant he may file his "pleadings in response." Rule 3:5. In the Court's view a counterclaim is not under the Rules a pleading in response, for a separate provision, Rule 3:8, is the authority for filing counterclaim, which likewise must be filed twenty-one days after service. Unfortunately there is no rule or statute which specifies within what time a defendant may file a counterclaim in a suit appealed or removed to a Circuit Court from a General District Court. The writer of this opinion has called that deficiency to the attention of the rule-making authority in this State, suggesting some provision in that regard, but without result. In the absence of any statutory or regulatory provision the time for filing counterclaims in these appealed or removed cases rests within the sound discretion of the Court.

Practitioners, even of little experience, know that counterclaims are often not merely offensive but serve a defensive purpose, particularly when the counterclaim

may exceed the claim sought by a plaintiff. They are sometimes at least in part a means of placing the plaintiff in a state of anxiety both from fear of a recovery against him greater than his own claim and as a means of injecting additional issues into the cause, thereby making litigation more complicated and difficult. This is not to gainsay a defendant's right to file a counterclaim timely nor to intimate that they do not serve proper purposes. Regardless of why they may be filed in any particular case, counterclaims of necessity make the litigation more difficult and extend the time needed for hearing and disposition.

Here the defendant from date of service of the warrant until date of trial in the lower court had in excess of two months in which to assert counterclaim if so disposed. For over one year and one month from the date of that service to the first action taken on the case in this Court the defendant continued undisposed to assert any counterclaim against the plaintiff. Defendant's filing of counterclaim January 6, 1986, was not only ten days after the Court ordered his grounds of defense to be filed, but over fifteen months from the date of original service of process on him. Such delay appears to the Court to be nothing short of dilatory and cannot help but raise in the Court's mind questions about the motives and sincerity of such a late filing under these circumstances. Furthermore the order on proceedings of November 12, 1985, which for some reason was not endorsed by both counsel and entered until February 15th, set the case for trial with a jury of five from a panel of eleven, which has already been summoned; but were the counterclaim to be heard a jury of seven from a panel of thirteen would be required. Section 8.01-359.

Defendant's argument that Rule 3:3 allows him twenty-one days following service to respond is without merit. That Rule applies to the time limit from the date of service of original process. The date for filing here was one set by a specific order of the Court and was not met. Rule 1:9 provides that the time for filing pleadings may be extended by the Court in its discretion even though the time for filing has already expired. As noted above, the time for filing counterclaims in cases appealed or removed from the General District Court is not controlled by Rule or statute and hence must be governed by the discretion of the Court. In this case the Court

exercises its discretion by finding that the defendant's counterclaim was untimely filed, no extension of time should be granted and as a consequence the plaintiff's objection to the filing is sustained.

This ruling does not overlook the fact that often there is judicial and other economy in combining trial of a plaintiff's claim with that of a defendant's counterclaim, particularly as in this case where both claims grow out of the same transaction. Nevertheless the Court is of opinion that this factor should not overrule the other circumstances persuasive for the discretion exercised here. Furthermore the defendant's claim is not lost necessarily but may be asserted in an independent suit.

The plaintiff's other objection to the counterclaim is that it exceeds the jurisdictional amount for General District Courts. Section 16.1-77(1). In appeals from the General District Court the jurisdiction of the Circuit Court over the case is a jurisdiction derivative from the lower court and limited by the jurisdiction of that court. *Addison* v. *Salyer*, 185 Va. 644 (1946). In view of the exercise of discretion not to permit filing of the counterclaim, it is unnecessary for the Court to rule on this point. In passing the Court points out that such an attack is not available concerning a counterclaim filed in a circuit court after removal to that court from the lower court. This is on the basis that the defendant never in the first place invoked the jurisdiction of the court not of record and so it is not bound by its jurisdictional limits. *Hoffman* v. *Stuart*, 188 Va. 785, 795 (1949). Because of the holding made by it above the Court does not have to rule on whether the defendant by appearing and contesting at trial in the General District Court invoked the jurisdiction of that court and consequently is bound by its jurisdictional limitations.