## CIRCUIT COURT OF THE CITY OF RICHMOND

Debra Hansen

v.

James McFarland,
Frances V. Woody,
and Melvin O. Hansen

April 28, 1992

Case No. LU 132–2

BY JUDGE ROBERT L. HARRIS, SR.

This case raises the interesting question of just how "de novo" are the de novo appeals heard by circuit courts. The specific question raised in this case is the status on appeal of multiple parties present at the general district court level where only some of the parties standing on one side of a case appealed the lower court's findings.

The Virginia Supreme Court has expansively described the effect of an appeal from general district court to circuit court.

> When an appeal is taken by either party, its effect is not only to suspend but to destroy the effect of a judgment of a justice. It makes it as though no judgment had been rendered. The cause is considered as still pending, no regard is had to the judgment of the justice, and the rights of the parties are the same as they would be in any other suit pending in the courts of record.

*Thomas Gemmell, Inc. v. Svea Fire & Life Ins. Co.*, 166 Va. 95, 99, 184 S.E. 457, 458 (1936) (quoting *Turner v. Northcut*, 9 Mo. 251); *see also, Addison v. Salyer*, 185 Va. 644, 650, 40 S.E.2d 260, 263 (1946) ("The judgment of the trial justice is completely annulled by the appeal and is not thereafter effective for any purpose.")

The comprehensive finality of the Virginia Supreme Court's characterization of appeals to circuit courts forms the basis for appel-

lants' argument here. The plaintiff brought suit against drivers of three vehicles, including the driver of the vehicle in which she was a passenger, for injuries sustained in an accident. The general district court found only two of the defendants liable to her for those injuries. The plaintiff did not appeal that decision, but the two defendants held to be at fault filed a timely appeal to this court. The appeal named not only the plaintiff, but the one defendant who had prevailed below. That defendant now argues that, as to him alone, the general district court's judgment is final and that since the plaintiff, the party against whom he stood at the lower court level, did not appeal, he should be dismissed from the case. The other co-defendants argue, to the contrary, that any appeal from the general district court effectively nullifies *all* that court's findings in a specific case and that the *entire* matter is heard anew in the circuit court.

The Virginia Supreme Court has declined to resolve whether an appeal from general district court to circuit court effectively brings *all* claims along for the ride. *See, K-B Corp. v. Gallagher*, 218 Va. 381, 387, 237 S.E.2d 183, 186–87 (1977). In *Gallagher*, the court was faced with an appeal by a losing plaintiff and the subsequent claim by the prevailing defendant that a counterclaim brought at the district court level should also have been heard as part of the *de novo* proceedings. At the lower court level, the counterclaim was apparently not actively pursued and, consequently, the district court rendered no decision. Because the Supreme Court found that the defendant had allowed his counterclaim to lapse, it refused to "allow it to be revived" by the appeal. *Id.* The court has previously found that a defendant can file a counterclaim following an appeal where one was not brought at the lower court level, *see Copperthite Pie Corp. v. Whitehurst*, 157 Va. 480, 487–88, 162 S.E. 189, 191 (1932), but it is unclear how the *Gallagher* court would have ruled on the defendant's alternative argument, which parallels that of the appellants and the plaintiff here, that the appeal removes "the whole proceeding to the circuit court where the entire matter should have been heard de novo." *Gallagher*, 218 Va. at 386. Appellants' position has been adopted by circuit courts in other jurisdictions which have faced similar questions.[1] In *Nanney v. Navy Car Storage, Inc.*, 7 Va.

---

[1] One Virginia civil procedure treatise suggests that there is no real difference in

Cir. 397 (1969), the court borrowed the previously quoted language from *Addison v. Salyer, supra*, to find that an appeal by a losing defendant against both the plaintiff and a victorious co-defendant gave the circuit court jurisdiction to retry both judgments. *Nanney*, 7 Va. Cir. at 398; *see also, Grinnell Fire Protection Systems Co. v. Sills*, 3 Va. Cir. 489 (1979) ("[P]ertinent language from several Virginia cases concerning such appeals would tend to indicate that the appeal and subsequent trial de novo involves the entire case and all of the parties.").

Because neither higher court action, nor any action of the legislature contradicts these opinions of other circuit courts in the Commonwealth, this court is persuaded that an appeal by any party of a district court decision serves to give an appropriate circuit court appellate jurisdiction over any other party against whom such an appeal is perfected. Since the perfecting of an appeal from a district court judgment effectively nullifies that judgment, the parties remain in the same positions as they held at the district court level and all issues remain joined. Accordingly, defendant Frances V. Woody's Motion to Dismiss is denied.

---

the effect of removing a case from district court to circuit court, as allowed by Va. Code § 16.1–92, and an appeal under § 16.1–106. *See* T. Boyd, E. Graves, and L. Middleditch, Jr., *Virginia Civil Procedure*, § 1.6 at 18–19 (1982).