# CIRCUIT COURT OF FAIRFAX COUNTY

Millermusmar, P.C.

v.

Diakon Logistics, Inc.

September 5, 2006

Case No. (Civil) CL-2006-6347

BY JUDGE KATHLEEN H. MACKAY

This matter came before the Court on Plaintiff Millermusmar's Motion to Strike Defendant Diakon Logistics' Counterclaim. The issue was heard on Friday, August 18, 2006. At that time, I took Plaintiff's Motion to Strike under advisement and requested that the parties provide supplemental briefs as to the issue. Since the hearing date, I have had the opportunity to review these briefs in light of oral arguments made, and the following is my decision.

*Background*

Plaintiff filed a Warrant in Debt in the Fairfax County General District Court on March 23, 2006. The warrant alleged that Defendant owed Plaintiff $8,137.50 in damages. The process for filing a warrant in General District Court requires Plaintiff to merely check the applicable basis for the alleged debt on a form warrant. Plaintiff checked the box labeled "Open Account" and the box labeled "Other." Additionally, Plaintiff added "quantum meruit" in space provided beside the box labeled "Other." The warrant appears to have been served upon the Defendant on April 3, 2006.

Defendant applied to remove the case to Fairfax County Circuit Court on May 1, 2006, and the case was removed on May 8, 2006. On July 11, 2006, the Circuit Court entered an agreed order instructing the Plaintiff to file

a bill of particulars within twenty-one days. The Order also instructed Defendant to file an answer and grounds of defense within twenty-one days of Plaintiff's filing. Plaintiff filed a Bill of Particulars on July 13, 2006, and Defendant's Answer, Affirmative Defenses, and Counterclaim were filed on August 2, 2006. Plaintiff filed a nonsuit as to its claim along with a Motion to Strike the Counterclaim on August 11, 2006. I entered a nonsuit Order on August 18, 2006.

## *Analysis*

Virginia Supreme Court Rule 3:8 dictates that "[a] counterclaim shall … be filed within twenty-one days after service of the summons and complaint." The rule expressly allows for an extension of the filing deadline in accordance with Rule 1:9 and the court's discretion. As Plaintiff correctly notes, Defendant never sought to have time extended while Plaintiff's suit was pending. Plaintiff's nonsuit precludes Defendant from now seeking an extension. This Rule does not draw a distinction between actions filed in circuit court and actions initiated in general district court then removed to circuit court. Rule 3:1 limits Rule 3:8's applicability to an action pending in circuit court. Rule 3:1 states that "[t]hese Rules [including 3:8] apply to all civil actions, in the circuit courts." Filing procedures and deadlines for actions pending in general district courts are supplied by the legislature in Title 16.1 of the Virginia Code. This legislation specifically addresses counterclaims, providing that "a defendant may, at his option, at any time before trial, plead in writing as a counterclaim, any cause of action at law for a money judgment in personam." Va. Code § 16.1-88.01.

Rule 3:8 counterclaims differ in scope from § 16.1-88.01 counterclaims. Most notably, general district court counterclaims shall not exceed that court's jurisdictional limit, whereas damages sought through circuit court counterclaims are unlimited. Defendant's counterclaim sought damages in excess of $100,000.00, well beyond the General District Court's jurisdiction limit. Accordingly, § 16.1-88.01 precluded Defendant from filing its counterclaim in General District Court. In addition, Defendant was not bound by Rule 3:8 to file a counterclaim upon service of Plaintiff's Warrant of Debt because Rule 3:8 only applies to circuit court actions. Va. S. Ct. Rule 3:1. Thus, Defendant was not required to file its counterclaims within twenty-one days of service of the action pending in General District Court.

When a case is removed to the Circuit Court, the plaintiff does not file a new complaint. Though the courts and parties would benefit from a rule instructing plaintiffs to file a new complaint, no such rule exists. Absent a

requirement to re-file, plaintiffs often proceed in circuit court upon their general district court warrants.

A removed plaintiff is required neither to re-file nor to re-serve the defendant. Service is not required because the defendant, by removing the case, knows about the pending action. When a case is removed, however, the receipt of service, Rule 3:8's triggering event will not occur. Whether removal of a case to circuit court begins Rule 3:8's twenty-one day deadline is a matter of first impression for this court. At least one of our sister Circuits has noted that, "there is no rule or statute which specifies within what time a defendant may file a counterclaim in a suit appealed or removed to a circuit court from a general district court." *G & G Roofing Co. v. Harris*, 5 Va. Cir. 332, 333 (1986). In *G & G*, Judge Woltz went on to state that "[t]he writer of this opinion has called that deficiency to the attention of the rule-making authority in this State, suggesting some provision in that regard, but without result." *Id.*

Arguably, in actions removed from general district court to circuit court, defendant's removal is the functional equivalent of Rule 3:8's "service of the summons and complaint." Va. S. Ct. Rule 3:8. Under this theory, Defendant's twenty-one day deadline to file a counterclaim under Rule 3:8 began to run on the day the action was removed.

Rule 3:8 allows twenty-one days for filing a counterclaim after service alerts defendants that a plaintiff has filed suit. This deadline is not contingent on the strength and sufficiency of the plaintiff's pleadings. Accordingly, factual and legal deficiencies in Plaintiff's complaint do not extend Rule 3:8's filing deadline. Counterclaims are often a response to the bare knowledge that the defendant has been sued, not necessarily a response to the specific details of the complaint. Because counterclaims are permissive and can be brought for actions not stemming from the transaction and occurrence of the complaint,[1] defendants do not necessarily need a detailed and specific complaint from which to initiate their counterclaims.

Upon removal in this case, a cause of action was brought in the Circuit Court seeking $8,137.50 for damages on an "Open Account" by quantum meruit. Defendant's removal, accordingly, supplied the requisite knowledge necessary to begin preparing a counterclaim. Because counterclaims are a response to the filing of a lawsuit, not necessarily a response to the specific

---

[1] A counterclaim can be brought for "any cause of action that the defendant has against the plaintiff or all plaintiffs jointly, whether or not it grows out of any transaction mentioned in the complaint, whether or not it is for liquidated damages, whether or not it is in tort or contract." Va. S. Ct. Rule 3:8.

allegations of the suit, removal triggered Defendant's obligation to file its counterclaim within twenty-one days. And because Defendant's obligation to file a counterclaim in time, if one is filed at all, is not contingent upon the specificity of the complaint, it is of no moment that the complaint only alerted Defendant that he was being sued for $8,137.50 in quantum meruit on an open account.

To be timely, Defendant Diakon Logistics' counterclaim should have been filed within twenty-one days of the May 8, 2006, removal of the action from General District Court to Circuit Court. At a minimum, Defendant could have and should have asked Judge Klein for permission to file a counterclaim when it asked for a bill of particulars. Thus, the issue would have been joined. By the same token, had Judge Klein allowed the Defendant to file "responsive pleadings" rather than "an answer and grounds of defense" we would not have this problem.

### Conclusion

Defendant's August 2, 2006, counterclaim was filed outside of Rule 3:8's twenty-one day timeline and is therefore untimely. Plaintiff's Motion to Strike the Counterclaim is granted. Note that the dismissal of the Counterclaim is without prejudice. Thus, the Defendant is free to file an independent action against the Plaintiff.